Filed 6/4/15  P. v. Bennett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C077647 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF143399) |
| v. | |
| SHARYL LYNN BENNETT, | |
| Defendant and Appellant. | |

On July 17, 2014, a California Highway Patrol officer conducted a traffic stop of defendant Sharyl Lynn Bennett.  As part of the stop, her car was searched.  Officers found defendant in possession of 22.8 grams of methamphetamine.  The car defendant was driving was stolen.  Defendant was found to be a methamphetamine addict while she was driving.  She also had a prior drug conviction.

A complaint charged defendant with transporting methamphetamine, unlawful taking or driving of a vehicle, receipt of a stolen vehicle, receiving stolen property, misdemeanor possession of personal identifying information of another with intent to

1

defraud, driving when addicted to any drug, and possession of controlled substance paraphernalia. The complaint alleged sentencing enhancements for having sustained prior drug convictions. The complaint also alleged defendant committed counts 1 through 4 while released on bail.

Defendant pled no contest to transporting methamphetamine, receiving stolen property, and driving while addicted to any drug. She also admitted she had a prior drug conviction.

In accordance with the stipulation, the trial court sentenced defendant to seven years eight months in custody. The trial court ordered defendant to pay a $300 restitution fund fine, a $50 lab fee, a $150 drug program fee, a $120 court operations fee, and a $90 criminal conviction assessment.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende* (1969) 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

We have, however, noticed an error which requires correction. The trial court correctly imposed a $120 court operations fee, $40 per conviction and a $90 criminal conviction assessment, $30 per conviction. The abstract of judgment reflects the imposition of only a $40 court operations fee and a $30 criminal conviction assessment. "Rendition of the judgment is normally an oral pronouncement, and the abstract of judgment cannot add to, or modify, the judgment, but only purports to digest and summarize it." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 389.) We will order the clerk to correct the abstract of judgment to reflect the oral pronouncement of judgment.

## DISPOSITION

The judgment is affirmed.  The clerk is ordered to correct the abstract of judgment to reflect the imposition of the $120 court operations fee, $40 per conviction and $90 criminal conviction assessment, $30 per conviction, and to forward a certified copy of the abstract of judgment to the Department of Corrections and Rehabilitation.


                                            _____ROBIE_____, J.


We concur:


_____RAYE_____, P. J.


_____DUARTE_____, J.

3